UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN C. GREEN, | No. 2:13-cv-2522 AC P |
| Plaintiff, | |
| v. | ORDER |
| RON BARNS, et al., | |
| Defendants. | |

    On October 24, 2013, plaintiff, a state prisoner at High Desert State Prison, filed a motion for court-ordered medical treatment in the Northern District of California. ECF No. 1. That court assigned a case number to the motion and directed plaintiff to file a complaint. ECF No. 3. Because plaintiff's Statement re IFP Application, ECF No. 4, indicated that he intended to sue officials at High Desert State Prison for events occurring there, the case was transferred and filed in this court on December 6, 2013. ECF Nos. 5, 6. Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 9.

    By order filed on December 17, 2013, plaintiff was informed that in order to commence an action, he must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure, and must either pay the required filing fee or file an application requesting leave to proceed in

1

1  forma pauperis.[1]  See 28 U.S.C. §§ 1914(a), 1915(a).  Plaintiff was provided with the appropriate

2  forms for filing a complaint and an in forma pauperis application and granted thirty days to

3  submit a complaint and either an application requesting leave to proceed in forma pauperis or the

4  filing fee.

5  The thirty-day period has long expired and plaintiff has not filed a complaint or an in

6  forma pauperis application.  His only response to the court's order has been in the form of a

7  "notice" alleging that HDSP officials are refusing to sign his in forma pauperis application.  ECF

8  No. 10.  Plaintiff then states that he has always intended to sue for damages based on his alleged

9  "false imprisonment" by a detective, an incident that is related to the offense for which he has

10  been committed to prison.

11  In the first place, the alleged refusal of prison officials to sign an IFP application did not

12  prevent plaintiff from timely filing a § 1983 complaint.  Plaintiff had only to bring to the attention

13  of the court by way of a declaration, submitted with a proposed complaint, that his in forma

14  pauperis application was not being processed properly, together with any information he had as to

15  what prison officials or officials might be obstructing the process and any reason for such action.

16  Second, if the complaint petitioner wishes to file has nothing to do with the conditions of

17  his confinement at High Desert State Prison, but rather is a suit for money damages for alleged

18  events involving his commitment offense, it may be barred by Heck v. Humphrey, 512 U.S. 477

19  (1994).  In Heck, the United States Supreme Court held that where success in a prisoner's § 1983

20  damages action would implicitly question the validity of conviction or duration of sentence, the

21  litigant must first achieve favorable termination of his available state, or federal habeas,

22  opportunities to challenge the underlying conviction or sentence.  See Muhammad v. Close, 540

23  U.S. 749, 751 (2004) (per curiam).  In other words, plaintiff would have to show that his

24  conviction had been invalidated and the judgment against him reversed, a process that would

25  involve his successfully petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Id.,

26

27  [1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee
but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not,
28  however, required to pay the $50.00 administrative fee.  See below.

1  540 U.S. at 750; <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).

2      Plaintiff will be granted one final opportunity to file both a complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice as well as an application to proceed in forma pauperis or the filing fee in the amount of $350.00 plus the $50.00 administrative fee. If plaintiff is unable to have his in forma pauperis application processed, he must be as specific as possible as to the circumstances. Plaintiff's failure to comply with any portion of this order will result in dismissal of this action. <u>See</u> L.R. 110; Fed. R. Civ. P. 41(b).

    Accordingly, IT IS ORDERED that:

1. Plaintiff has thirty days to file a civil rights complaint and either to file an in forma pauperis application or to pay the filing fee;

2. Plaintiff's failure to comply fully with this order will result in dismissal of this action. See L.R. 110; Fed. R. Civ. P. 41(b).

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action, and the application to proceed in forma pauperis by a prisoner.

DATED: April 7, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE